IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| BOBBY WAYNE DOSS, | § | |
| TDCJ-CID No. 01680301, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-105-Z |
| | § | |
| MICHAEL D. WISE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION DISMISSING COMPLAINT

*Pro se* Plaintiff Bobby Wayne Doss ("Plaintiff") is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. On June 13, 2017, Plaintiff filed a complaint against Defendants Michael D. Wise, NFN Foley, and NFN Vogelgesang (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") and has been granted permission to proceed *in forma pauperis*. On July 10, 2017, Plaintiff filed an amended complaint (the "Amended Complaint") (ECF No. 9) against Defendants. For the following reasons, Plaintiff's Amended Complaint is DISMISSED.

### I. JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2). The

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II. Plaintiff's Claims

Plaintiff claims that he was given the wrong dose of insulin by Defendant Wise—a registered nurse—during a medical appointment and routine treatment for his diabetes. Consequently, Plaintiff experienced a hypoglycemic episode that caused physical suffering. Plaintiff additionally sues Defendant Vogelgesang for failure to properly investigate the grievances filed concerning this incident. Plaintiff also sues the Defendant NFN Foley, the Warden of Plaintiff's unit, in his supervisory capacity.

## III. Analysis

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal marks omitted). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citations omitted). "[D]elay in medical care can only constitute an Eighth Amendment violation

---

[2] *See also Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference is an extremely high standard to meet. *See Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)). Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotation marks omitted). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

Plaintiff presents no allegation of deliberate indifference, but at best an allegation of medical malpractice or negligence. However, Section 1983 is not a general tort statute, and mere

negligence does not meet the standard for liability under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 331–34 (1986) ("Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society."). Plaintiff states that he was given the wrong type of insulin and had a serious episode as a result. However, this is solely a claim for medical negligence.

Additionally, Plaintiff does not have a constitutional right to have his grievances resolved to his satisfaction. Plaintiff claims that Defendant Vogelgesang failed to adequately investigate his complaints and grievances and failed to protect his constitutional rights. However, "a prisoner has a liberty interest only in freedoms from restrain imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (select internal marks omitted) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claim that Defendant Vogelgesang failed to adequately investigate his grievances does not state a constitutional claim and should be dismissed with prejudice.

Finally, Plaintiff's claims against Defendant Foley should be dismissed. In Section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under Section 1983 for the acts or

omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Therefore, Plaintiff's claim against Defendant Foley must be dismissed.

### IV. ORDER

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a), it is ORDERED that the Plaintiff's Amended Complaint (ECF No. 9) filed pursuant to 42 U.S.C § 1983 is DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

June 4, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE